Cite as 2023 Ark. App. 482

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-21-133

| | | |
|---|---|---|
| MONTIE HOBSON | | **Opinion Delivered** October 25, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-15-48] |
| V. | | |
| GEORGE HOBSON | | |
| | APPELLEE | HONORABLE DOUG SCHRANTZ, JUDGE |
| | | REBRIEFING ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant Montie Hobson appeals the final order of Benton County Circuit Court. She argues on appeal that the circuit court erred by (1) not finding that appellee breached the memorandum of understanding (MOU) by failing to refinance the debt on the marital home within sixty days of the divorce being entered as agreed; (2) finding that there was no actionable breach of contract, finding there was a mutual mistake of facts because the parties believed there was equity sufficient to permit refinancing, finding that appellant failed to mitigate her damages, and finding affirmative defenses; (3) failing to provide appellant with her share of the American Electric Power System Retirement Savings Plan (AEP RSP), either 53 percent under paragraph 9 or 50 percent under paragraph 6 of the MOU, not allowing evidence of the knowledge and intent of the parties, and failing to find fraud; (4) finding

that the requests for admission filed by appellant on September 6, 2018, should not be deemed admitted due to appellee's failure to comply with discovery rules; (5) cutting off discovery in December 2019, including outstanding discovery; (6) not allowing evidence proffered by appellant into evidence; and (7) awarding attorney's fees to appellee on matters on which he did not prevail and denying her attorney's fees. We do not reach the merits of appellant's arguments because her brief does not comply with the rules governing appeals that do not involve an electronic record.[1] We order rebriefing.[2]

Arkansas Supreme Court Rule 4-2(a)(6)[3] provides that the appellant's brief "shall contain a concise statement of the case and the facts without argument." However, appellant has violated this rule and inserted arguments within her statement of the case.

For each issue on appeal, the applicable standard of review "shall be concisely stated at the beginning of the discussion of the issue."[4] Here, appellant has failed to set out the applicable standard of review for each of the issues she brings forth on appeal.

---

[1]The citations to the rules in this opinion apply to cases in which a notice of appeal was filed before June 1, 2021.

[2]This is the second time this case has been before us; we originally dismissed this appeal due to a lack of a final order. *See Hobson v. Hobson*, 2018 Ark. App. 483.

[3](2020).

[4]Ark. Sup. Ct. R. 4-2(a)(7).

We order appellant to file a substituted brief curing the abstracting deficiencies within fifteen days from the date of this order.[5] We encourage appellant to carefully review our rules to ensure that no other deficiencies exist, as any subsequent rebriefing order may result in affirmance of the order or judgment due to noncompliance with Rule 4-2.[6]

Rebriefing ordered.

WOOD and MURPHY, JJ., agree.

*Montie Hobson*, pro se appellant.

One brief only.

---

[5]Ark. Sup. Ct. R. 4-2(b)(3).

[6]*See id.*